```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
                05-MDL-1726(JMR/AJB)
```

In re Medtronic, Inc.,           )
Implantable Defibrillator        )           ORDER
Product Liability Litigation     )

    The Court has raised, sua sponte, the question of the continued participation of Mitchell Breit, a partner in the New York law firm of Milberg Weiss Bershad & Schulman LLP ("Milberg Weiss"), as a member of the Plaintiffs' Steering Committee ("PSC") in this matter. This question has arisen out of the recent indictment of Milberg Weiss and two of its partners. The Court initiated this inquiry through a telephone conference on May 23, 2006. Notice of the telephone conference was given to plaintiffs' lead counsel and to defense counsel.

    After advising all participants of the nature of the Court's inquiry, defense counsel was excused from the conference. A record of the telephone conference was taken by an official court reporter, with the transcript available only to persons designated on the record.

    During the conference, the Court solicited, and has now received, written submissions from lead counsel and from Mr. Breit. Lead counsel urged Mr. Breit's continued membership on the PSC. Mr. Breit, himself, by letter dated May 31, 2006, asked the Court to allow his continued participation.

    After considering the question, the Court exercises its

discretion, and finds that it is in the best interest of the transferee plaintiffs that Mr. Breit and the Milberg Weiss firm be severed from their service on the PSC, and from continued service on behalf of the transferee plaintiffs.

In making this decision, the Court considers that this case is a complex matter, having been lodged before the undersigned by the Multi-District Litigation Panel. A transferee judge in such a case bears a particularly heavy burden to protect the transferee plaintiffs. See In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 932 (8th Cir. 2005) ("the district court acts as a fiduciary, serving as a guardian of the rights of the . . . class members"); Pigford v. Johanns, 416 F.3d 12, 25 (D.C. Cir. 2005) (the court has a duty to protect class members); Stewart v. General Motors, 756 F.2d 1285, 1293 (7th Cir. 1985) (same); Manual for Complex Litigation, Fourth § 10.224 (2004).[1] The Court bears this responsibility irrespective of, and in addition to, the duty owed to these clients by their respective attorneys.

An MDL transferee judge participates in the selection and

---

[1] These matters are before the Court as MDL transferee judge, for consolidated discovery and pre-trial purposes. It is not a class action. The Court considers any possible distinction which might be drawn between the Court's duty to protect class action plaintiffs and those in this MDL case to be trivial. At present, the Court is supervising the case-proceedings for more than 139 individual plaintiffs. Under these conditions, the Court finds its duties to protect the transferee plaintiffs to be fully co-extensive with those owed in a class action.

supervision of the PSC. In partial fulfillment of this responsibility, this Court directly inquired concerning the ethics of each attorney who volunteered to serve on the PSC. It asked each attorney seeking appointment to the PSC to submit a letter touching his/her own ethics, and the ethical competence of his/her firm or professional association.

Mr. Breit responded by submitting two separate application letters, each dated December 23, 2005. In the first, Mr. Breit described his firm, Milberg Weiss Bershad & Schulman LLP. In the second, he advised that he had no pending personal ethics complaints, nor had any been previously made against him.

Neither letter contained any reference whatsoever to any investigation of either the Milberg Weiss Bershad & Schulman LLP firm, or of its named partners, Messrs. Bershad and Schulman. Neither letter was updated during the nearly five months from their submission, until May 18, 2006. On that date, Milberg Weiss Bershad & Schulman LLP and two of its partners, David J. Bershad and Steven G. Schulman, were indicted on multiple federal charges. Mr. Breit was not indicted, and there is not the slightest indication that he was implicated in any of the incidents referred to in the 102-page indictment.

The application letter in support of Milberg Weiss, as a partnership, referred to a number of the firm's successful cases. Prominent among these was a reference to the firm's achievements in

the Lincoln Savings and Loan Litigation and the Oxford Health Plans securities fraud cases. These "triumphs" are problematic, however. According to the Indictment, in Count One, Overt Act Nos. 130-144 and 180-188, these cases involved a number of the conspiratorial acts committed by Milberg Weiss and members of the firm's partnership. The Court considers it extraordinarily likely that the attorneys' fees realized from those cases have contributed to the firm's profits over the years – including years in which Mr. Breit has been affiliated with the firm.

Mr. Breit's May 30, 2006, letter, submitted in response to this Court's concerns regarding his continued participation on the PSC, emphasizes Milberg Weiss's commitment to ethical behavior. The letter refers to the recent involvement of an outside law firm which now monitors Milberg Weiss's distribution of earned attorneys' fees to referring attorneys. This fact, while perhaps commendable, certainly does not exonerate any prior misdeeds, if any have occurred (a subject on which the Court expresses no opinion whatsoever).

Mr. Breit's May 30, 2006, letter offers no explanation of why the investigation of the Milberg Weiss Bershad & Schulman LLP law firm, an investigation which has been long-pending, was never disclosed to this Court until the indictment was handed up. This failure to disclose is inexplicable in light of this Court's explicit and expressed concerns that each lawyer's and law firm's

ethics were to be considered for anyone or any firm acting as members of the plaintiffs' lead counsel, liaison counsel, or steering committees.

After considering all of these facts, the Court finds it appropriate to excuse Mr. Breit and Milberg Weiss from further service on the PSC, and from providing any further service to the MDL case's transferee plaintiffs.[2]

As indicated above, the Court bears an independent duty to the transferee parties in a Multi-District Litigation case. Had this case involved funds to be distributed to plaintiffs in an MDL case; and had those funds been deposited in a financial institution; and had that institution's major officers or the institution, itself, been indicted; neither the Court nor the potential recipients' counsel would hesitate for a moment in removing those funds to protect the MDL plaintiffs. A Court which failed to take such a step to protect the MDL transferees would be grossly derelict in its duties.

---

[2] This Order excludes Mr. Breit from "further service on the PSC, and from further participation on behalf of the MDL case's transferee plaintiffs." This Order does not exclude him from maintaining his personal representation of his individual clients in this MDL case. To that end, should he wish to continue representing his individual clients, he is directed to provide a copy of this Order to each individual client. If the client wishes to continue his personal representation, the individual client will be required to so state in a letter to this Court. Should such a client wish to terminate his/her representation, Mr. Breit may continue to represent the individual client for up to thirty days to allow the client to secure successor counsel.

In a case such as this, many transferee plaintiffs do not select their case-managing counsel in the traditional fashion. Certainly, many approached their own lawyers and sought legal advice, but when the matter was designated as a Multi-District Litigation case, supervision of the case was handed to a panel of attorneys who – in many, if not most, cases – were not the plaintiffs' original attorney-of-choice. The Court's duty to the transferee plaintiffs is focused here. That duty requires the Court to question whether, other things being equal, and assuming full knowledge, the transferee plaintiffs would select as their counsel an attorney whose law firm had been indicted for violating its duties to the court and to its clients. Amongst many highly competent lawyers, the Court suggests few would select an indicted, as opposed to an unindicted, law firm. This is the point at which the Court must, and does, exercise its supervisory authority.

The step the Court takes in this Order does no violence to the presumption of innocence. That presumption, which inheres in the criminal process, is a rule which protects every defendant criminally charged under our Constitution. That presumption remains inviolate. To the contrary, however, a Grand Jury's indictment means that it found probable cause to believe a criminal act has taken place. It is this determination which must be of concern to the Court as it labors to protect transferee plaintiffs in an MDL case.

Accordingly, Mitchell M. Breit and the firm of Milberg Weiss Bershad & Schulman LLP are relieved of their duties to the transferee plaintiffs in this MDL case. Mr. Breit's and Milberg Weiss's further representation of their individual plaintiffs will be considered in light of the instructions touching those matters contained within this Order.

IT IS SO ORDERED.

Dated:  June 5, 2006

s/ James M. Rosenbaum
JAMES M. ROSENBAUM
United States Chief District Judge